UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIRRIAM TORRES, fka MIRRIAM SEVY,<br><br>　　　　　　Claimant,<br><br>v.<br><br>SUGAR-SALEM SCHOOL DISTRICT #322, a political subdivision of the State of Idaho, and BRYCE OWEN, individually and in his capacity as a former employee of Sugar-Salem School District,<br><br>　　　　　　Defendants. | Case No.  4:17-cv-00178-DCN<br><br>**MEMORANDUM AND ORDER RE: MOTION TO VACATE AND RESET JURY TRIAL** |

Pending before the Court is Defendant Sugar-Salem School District #322's ("District") Motion to Vacate and Reset Jury Trial. Dkt. 85. The District moves to vacate the nine-day trial currently set for August 31, 2020 due to the increased spread of COVID-19 in Boise and southeastern Idaho and because it anticipates calling over twenty witnesses (significantly raising the risk of exposure).

All parties consent to vacating the trial set for August 31, 2020. Dkts. 88, 90. Accordingly, and because the Court takes the risks of COVID-19 seriously, the Court GRANTS the District's request to vacate the August 31, 2020 trial.

However, the parties disagree on what the next steps in judicially managing this case should be. The District requests that a trial date not be set until the Court rules on pending motions, including motions to reconsider the Court's summary judgment ruling,

MEMORANDUM AND ORDER-1

which would affect the upcoming trial. Plaintiff Miriam Torres proposes that the trial be reset for January 18, 2021, due to an available opening in the Court's schedule. She argues that although a newly set trial date may have to be re-evaluated due to the status of COVID-19 as the new trial date draws near, she "needs the case to come to a close in order to move forward." Dkt. 88, at 3. Defendant Bryce Owens does not suggest a potential new trial date, but rather contends that a telephonic scheduling conference be held immediately after the trial is vacated so that the parties and the Court can discuss availability. Owens, and the District, are concerned about resetting the trial on January 18, 2021, as this date would only allow for seven days of trial instead of the originally anticipated nine days.[1] Owens foresees calling witnesses in addition to the twenty witnesses the District intends to call. Further, he is concerned about the availability of the parties, counsel, and witnesses (including experts) for the January 18, 2021 date.

The Court is sympathetic to all parties' concerns. Ultimately, the Court finds vacating the trial date without resetting a new trial in this case is not consistent with securing the "just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1. While the Court is aware that the trial date may have to change, it finds it is in the interest of justice to at least set *a* resolution date for Torres. Further, the Court finds that waiting for all parties, counsel, and witnesses (of which counsel anticipate will be well over twenty) to decide upon a date that is mutually beneficial, is an unnecessary delay. This is

---

[1] By setting the trial date now, it is conceivable that the matters scheduled the week after January 18 could go away, making it possible for the Court to have the nine days the parties seek.

MEMORANDUM AND ORDER-2

particularly true given the Court's limited availability for such a long trial. Should all parties later come to a consensus regarding another date that works better for them, they may petition the Court to reset the trial date.

Balancing all parties' concerns and interests along with the Court's own availability, the Court determines it is appropriate to reset trial for January 18, 2021. Accordingly, the Court DENIES the District's request to vacate without resetting trial.

IT IS HEREBY ORDERED:

1. The Court GRANTS in PART and DENIES in PART the District's Motion to Vacate and Reset Jury Trial (Dkt. 85). It GRANTS the District's motion to vacate the August 31, 2021 trial date. It DENIES the District's motion to vacate without setting a new trial date.

2. Trial is reset for January 18, 2021.

3. If parties wish to reset the new trial date, they are to meet and confer. If this occurs, they shall then provide the Court with a range of agreed upon proposed new trial dates.

DATED: July 27, 2020

David C. Nye
Chief U.S. District Court Judge

MEMORANDUM AND ORDER-3